CASE BEING CONSIDERED FOR TREATMENT PURSUANT TO
RULE 34(j) OF THE COURT'S RULES
### No. 21-5056

## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

### WISCONSIN VOTERS ALLIANCE, *et al.*,

Appellees,

v.

### KAMALA D. HARRIS, Vice President, in her official capacity as President of the United States Senate, *et al.*,

Appellees,

v.

### ERICK G. KAARDAL, ESQ. AND
### MOHRMAN, KAARDAL & ERICKSON, P.A.,

Appellants.

Appeal from the United States District Court for the District of Columbia
No. 1:20-cv-03791 (Hon. James E. Boasberg)

### BRIEF OF APPELLANTS

Justin M. Flint (DC Bar #491782)
Channing L. Shor (DC Bar #1024861)
ECCLESTON & WOLF, P.C.
1629 K Street, N.W., Suite 260
Washington, D.C. 20006
Telephone: (202) 857-1696
flint@ewdc.com
shor@ewdc.com
*Counsel for Appellants Erick G. Kaardal, Esq.*
*and Mohrman, Kaardal & Erickson, P.A.*

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

As required in Circuit Rule 28(a)(1), Appellants Erick G. Kaardal, Esquire and Mohrman, Kaardal & Erickson, P.A. set forth below in separate paragraphs, with the appropriate heading, corresponding to, and in the same order as, each of the subparagraphs Circuit Rule 28(a)(1):

**(A) Parties and Amici.**[1] Pursuant to Circuit Rule 28(a)(1)(A), the following is a list of all parties, intervenors, and amici who have appeared before the District Court, and all persons who are parties, intervenors, or amici in this Court:

---

[1] In an abundance of caution, Appellants set forth all Plaintiffs and all Defendants who were named in the Complaint filed in the underlying matter. However, no Defendant appeared or participated in the underlying matter before Plaintiffs voluntarily dismissed the case. In the online docket for this appeal, Erick G. Kaardal, Esquire is listed as counsel for all Plaintiffs in the underlying matter. However, none of the Plaintiffs are participating in the instant appeal which was filed by Non-Party Respondents Erick G. Kaardal, Esquire and Mohrman, Kaardal & Erickson, P.A. Additionally, the online docket for this appeal reflects that R. Craig Lawrence from the U.S. Attorney's Office Civil Division is counsel for Kamala D. Harris, Vice President, in her official capacity as President of the United States Senate. However, on March 31, 2021, Mr. Lawrence advised via e-mail "[s]ince our office did not appear in district court, and the Circuit issued an Appellant only briefing schedule, the United States Attorneys Office for the District of Columbia will not be representing anyone unless the Court orders that someone enter an appearance on behalf of the President of the Senate, and our Office is asked to represent Vice President Harris in the Circuit." As a result, Erick G. Kaardal, Esquire and Mohrman, Kaardal & Erickson, P.A. proceed with this appeal with the understanding that they are the only parties.

- Plaintiffs who appeared before the District Court and are listed as Appellee parties to this appeal are: Wisconsin Voters Alliance, Pennsylvania Voters Alliance, Georgia Voters Alliance, Election Integrity Fund, Arizona Election Integrity Alliance, Lynie Stone, Baron Benham, Debi Haas, Brenda Savage, Matthew Dadich, Leah Hoopes, Ron Heuer, Richard W. Kucksdorf, Debbie Jacques, John Wood, Senator Sonny Borrelli, Representative Warren Peterson, Representative Matthew Maddock, Representative Daire Rendon, Representative David Steffen, Representative Jeff L. Mursau, Senator William T. Ligon and Senator Brandon Beach.

- Erick G. Kaardal, Esquire and Mohrman, Kaardal & Erickson, P.A. appeared before the District Court as counsel for Plaintiffs and as Non-Party Respondents. Erick G. Kaardal, Esquire and Mohrman, Kaardal & Erickson, P.A. are the only Appellants in this appeal.

- No Defendants appeared before the District Court before the underlying case was voluntarily dismissed. Despite that they did not appear before the District Court, all Defendants named in the Complaint are listed as Appellee parties to this appeal: United States House of Representatives; United States Senate; The Electoral College; Tom Wolf, Governor of Pennsylvania, in his official capacity; Bryan Carter, Speaker of the Pennsylvania House of Representatives, in his official capacity; Jake Corman, Senate Majority Leader of Pennsylvania Senate, in his

iii

official capacity; Gretchen Whitmer, Governor of Michigan, in her official capacity; Lee Chatfield, Speaker of the Michigan House of Representatives, in his official capacity; Mike Shirkey, Senate Majority Leader of the Michigan Senate, in his official capacity; Tony Evers, Governor of Wisconsin, in his official capacity; Robin Vos, Speaker of the Wisconsin State Assembly, in his official capacity; Howard Marklein, Senate Majority Leader of the Wisconsin Senate, in his official capacity; Brian Kemp, Governor of Georgia, in his official capacity; David Ralston, Speaker of the Georgia House of Representatives, in his official capacity; Butch Miller, President Pro Tempore of the Georgia Senate, in his official capacity; Doug Ducey, Governor of Arizona, in his official capacity; Russell Bowers, Speaker of the Arizona House of Representatives, in his official capacity; and Rick Gray, Senate Majority Leader of the Arizona Senate, in his official capacity. Additionally, Vice President Michael Pence, in his official capacity as President of the United States Senate, was named as a Defendant in the Complaint before the District Court and did not appear and has been substituted with his successor before this Court: Vice President Kamala Harris, in her official capacity as President of the United States Senate. *See* Fed. R. App. P. 43(c)(2).

- No *amicus curiae* or intervenor participated in the District Court proceedings. No person or entity has yet sought to leave to participate as *amicus curiae* or intervenor in this Court.

**(B) Rulings Under Review.** Pursuant to Circuit Rule 28(a)(1)(B), the rulings at issue in this Court is the February 19, 2021, Order issued by Judge James E. Boasberg in response to Plaintiffs' Counsel's response to the Order to Show Cause. The February 19, 2021, Order can be found at Appendix pages 02391-94 and is ECF 23 in the District Court's Docket. There are no official citations for this ruling under review.

**(C) Related Cases.** Pursuant to Circuit Rule 28(a)(1)(C), the case on review was previously before the United States District Court for the District of Columbia and was styled as *Wisconsin Voters Alliance, et al., v. Vice President Michael R. Pence, et al.*, Case No. 1:20-cv-03791 (JEB). There are no related cases within the meaning of Circuit Rule 28(a)(1)(C).

## DISCLOSURE STATEMENT PURSUANT TO CIRCUIT RULE 26.1

Pursuant to Circuit Rule 26.1(a), Mohrman, Kaardal & Erickson, P.A. does not have any parent companies and no publicly-held company has a 10% or greater ownership interest (such as stock or partnership shares) in Mohrman, Kaardal & Erickson, P.A. Mohrman, Kaardal & Erickson, P.A.is a law firm and its general nature and purpose are not relevant to the underlying litigation or this appeal.

# **TABLE OF CONTENTS**

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES ............ ii

DISCLOSURE STATEMENT PURSUANT TO CIRCUIT RULE 26.1 ................ v

TABLE OF CONTENTS ............................................................................ vi

TABLE OF AUTHORITIES .................................................................. viii

GLOSSARY OF ABBREVIATIONS ....................................................... xi

JURISDICTIONAL STATEMENT ............................................................ 1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............................ 2

STATUTES AND REGULATIONS .......................................................... 3

STATEMENT OF THE CASE ................................................................... 3

SUMMARY OF ARGUMENT .................................................................. 6

STANDING ........................................................................................ 10

ARGUMENT ...................................................................................... 11

  I. Standard of Appellate Review. ...................................................... 11

  II. The District Court Abused Its Discretion With the Unsubstantiated Order. ... 14

    A. *The District Court Failed to Address Plaintiffs' Counsel's Expert.* ....... 14

    B. *The District Court Had No Basis for Its Four New Postulated Arguments.* ................................................................................ 18

      1. The District Court Offered No Authority to Require Plaintiffs' Counsel to Notify Defendants Before They Filed the Action. ........................... 18

      2. Whether an Argument Is "Availing" After a Determination on the Merits Is Not the Rule 3.1 Standard. ..................................... 23

      3. Plaintiffs' Counsel Filed the Complaint Eight Days After the Claims Became Ripe. ............................................................. 25

vi

4. Plaintiffs' Counsel Referenced the Allegations of Voter Fraud in the Complaint For Context and Necessary Standing to Survive a Motion to Dismiss..........................................................................................26

CONCLUSION STATING THE RELIEF SOUGHT ...........................................35

CERTIFICATE OF COMPLIANCE...................................................... ix

CERTIFICATE OF SERVICE ...............................................................x

ADDENDUM OF STATUTES AND REGULATIONS TABLE OF CONTENTS ................................................................................................ xii

# TABLE OF AUTHORITIES[2]

## Cases

\* *Adams v. Ford Motor Co.*, 653 F.3d 299 (3d Cir. 2011) ...............................32, 33

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................27

*In re Abrams*, 521 F.2d 1094 (3d Cir. 1975) ........................................................ 33

*In re Pearson*, 228 A.3d 417 (D.C. 2020) ...........................................................31

*Jefferson v. Collins*, 905 F. Supp. 2d 269 (D.D.C. 2012)......................................27

\**Lucas v. Duncan*, 574 F.3d 772 (D.C. Cir. 2009)...............................12, 13, 14, 18

*Sullivan v. Comm. on Admissions & Grievances*, 395 F.2d 954
    (D.C. Cir. 1967) ...........................................................................................10

*Wisconsin Voters Alliance, et al., v. Vice President Michael R. Pence, et al.*,
    Case No. 1:20-cv-03791 (JEB) ......................................................................v

## Rules

\*Rule 3.1 of the District of Columbia
Rules of Professional Conduct .........vi, xi, 7, 8, 16, 17, 18, 23, 24, 25, 31, xii, xvi

Rule 4 of the Federal Rules of Civil Procedure .....................................................21

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure..................................1

Rule 4(a)(4) of the Federal Rules of Appellate Procedure .......................................1

Rule 4(b)(3) of the Federal Rules of Appellate Procedure .......................................1

---

[2] Authorities upon which we chiefly rely are marked with asterisks.

Rule 11 of the Federal Rules of Civil Procedure .........................................11, 12, 13

Rule 11(b)(3) of the Federal Rules of Civil Procedure............................................12

Rule 12(b)(6) of the Federal Rules of Civil Procedure............................................27

Rule 26.1(a) of the Circuit Rules of the United States Court of Appeals for the District of Columbia Circuit .....................................................................................v, vi

Rule 28(a)(1) of the Circuit Rules of the United States Court of Appeals for the District of Columbia Circuit ..................................................................................... ii

Rule 28(a)(1)(A) of the Circuit Rules of the United States Court of Appeals for the District of Columbia Circuit ..................................................................................... ii

Rule 28(a)(1)(B) of the Circuit Rules of the United States Court of Appeals for the District of Columbia Circuit .......................................................................................v

Rule 28(a)(1)(C) of the Circuit Rules of the United States Court of Appeals for the District of Columbia Circuit .......................................................................................v

Rule 28(a)(5) of the Circuit Rules of the United States Court of Appeals for the District of Columbia Circuit .......................................................................................3

Rule 43(c)(2) of the Federal Rules of Appellate Procedure ....................................iv

Rule 65(a)(1) of the Federal Rules of Civil Procedure............................................20

Rule 83.2(b) of the Rules of the United States District Court for the District of the Virgin Islands .........................................................................................................32

Rule 83.14(d) of the Rules of the United States District Court for the District of Columbia ............................................................................... 9, 30, xii, xiii

*Rule 83.16(d)(1) of the Rules of the United States District Court for the District of Columbia................................................................. 30, 31, 33, 34, xii, xiv

*Rule 83.16(d)(2) of the Rules of the United States District Court for the District of Columbia...................................................... 2, 9, 24, 25, 28, 29, 30, 33

Rule 83.16(d)(8) of the Rules of the United States District Court for the District of Columbia ................................................................................. 29, xii, xv

**<u>Statutes</u>**

3 U.S.C. § 1…….....…………………………..………………………… 1

3 U.S.C. § 5 ....................................................................................................1

3 U.S.C. § 6 ....................................................................................................1

3 U.S.C. § 7 ...............................................................................................3, 25

3 U.S.C. § 15 ..................................................................................................1

28 U.S.C. § 1291 ............................................................................................1

28 U.S.C § 1331 .............................................................................................1

U.S. Const.  art. II ……………………………………….……………1

U.S. Const.  art. III …………………………………………....………9, 28

## GLOSSARY OF ABBREVIATIONS

1. The phrase "Plaintiffs' Counsel" refers collectively to Appellants Erick G. Kaardal, Esquire and Mohrman, Kaardal & Erickson, P.A.

2. The phrase "the Memorandum Opinion" refers to the District Court's January 4, 2021, Memorandum Opinion.

3. The phrase "the Show Cause Order" refers to the District Court's Minute Order issued on January 7, 2021, for Plaintiffs' Counsel to show cause why he should not be referred to the Committee on Grievances.

4. The phrase "Plaintiffs' Counsel's Response" refers to Plaintiffs' Counsel's February 5, 2021, response filed in response to the Show Cause Order.

5. The phrase "Expert Driscoll" refers to Richard Driscoll, Esquire.

6. The phrase "the Order" refers to the District Court's February 19, 2021, Order regarding Plaintiffs' Counsel's Response to the Show Cause Order.

7. The phrase "Rule 3.1" refers to Rule 3.1 of the District of Columbia Rules of Professional Conduct.

8. The phrase "Local Rules" refers to the Rules of the United States District Court for the District of Columbia.

9. The abbreviation "App." refers to Appellants' Appendix filed simultaneously with this Brief.

xi

## JURISDICTIONAL STATEMENT

(A) The District Court had subject matter jurisdiction under 28 U.S.C §
1331 because the underlying Plaintiffs' claims arose under Federal Statutes 3
U.S.C. §§ 5, 6 and 15; Article II of the United States Constitution; and 3 U.S.C. §1,
the Federal Electoral Counting Act.

(B) This Court has jurisdiction under 28 U.S.C. § 1291 because the
underlying case has been dismissed and is closed; the District Court finally
resolved all issues in the case; the February 19, 2021, Order constitutes a final
order for the case; there are no motions listed in Federal Rule of Appellate
Procedure 4(a)(4) or 4(b)(3) that would make the filing of a notice of appeal
ineffective; and this appeal is being filed in good faith for review of the District
Court's Order entered on February 19, 2021. App. at 02391-94.

(C) The final order was entered on February 19, 2021. Plaintiffs' Counsel
timely filed a Notice of Appeal to this Court on March 3, 2021, which is fifteen
(15) days later. *See* App. at 00010 *and* Fed. R. App. P. 4(a)(1)(A) (2021).

(D) The February 19, 2021, Order constitutes a final order for the underlying
case which has been dismissed and is closed.

1

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.     The District Court ordered Plaintiffs' Counsel to "show cause why the Court should not refer him to the Committee on Grievances for all of the reasons discussed in its recent [10] Memorandum Opinion." Following Plaintiffs' Counsel's Response, did the District Court abuse its discretion in failing to support the Order with any District of Columbia Rules of Professional Conduct violations when Plaintiffs' Counsel submitted an extensive expert opinion that Mr. Kaardal had good-faith arguments for an extension, modification, or reversal of existing law and a factual basis to support his clients' arguments in the Complaint and Motion for Preliminary Injunction?

2.     Local Rule 83.16(d)(2) provides any Judge "may refer to the Committee the name of any attorney subject to these Rules on a Complaint that such attorney has engaged in conduct which, if substantiated, would warrant the imposition of discipline." Did the District Court abuse its discretion by having a public proceeding on the Show Cause Order that was within the purview of the Committee on Grievances and then referring Erick Kardaal to the Committee on Grievances while "express[ing] no opinion on whether discipline should be imposed"?

2

## STATUTES AND REGULATIONS

Pursuant to Circuit Rule 28(a)(5), all pertinent statutes and regulations are set forth in the Addendum bound with this brief and separated from the body of this brief with a distinctly colored green separation page.

## STATEMENT OF THE CASE

The 59th quadrennial presidential election was held on Tuesday, November 3, 2020. The electoral votes were cast in the respective states on December 14, 2020, pursuant to 3 U.S.C. § 7 which states:

> The electors of President and Vice President of each State shall meet and give their votes on the first Monday after the second Wednesday in December next following their appointment at such place in each State as the legislature of such State shall direct.

On December 22, 2020 – just eight days later – Plaintiffs filed the Complaint in the underlying action. App. at 00006. Plaintiffs' Counsel maintains the claims in the underlying case were not ripe before December 14, 2020, and could possibly have been mooted prior to that date. *Id*. at 01867-68 at ¶¶ 18-19. Also on December 22, 2020, Plaintiffs filed their Motion for Preliminary Injunction. *Id*. at 00006.

Following the filing of the Complaint and Motion for Preliminary Injunction, Plaintiffs' Counsel immediately began efforts to serve all Defendants. *Id*. at 01874 at ¶¶41-42. On December 23, 2020, the District Court issued a Minute Order which stated in full "MINUTE ORDER: The Court ORDERS that, as soon

3

as Plaintiffs file proofs of service on all Defendants, a briefing schedule and hearing shall be set. So ORDERED by Judge James E. Boasberg on 12/23/2020." App. at 00008. As Mr. Kaardal explained:

> I understand this Order to mean that filing proof of service on "all" defendants was required before a briefing schedule and hearing date would be set. Accordingly, in good faith, I interpreted this Court's Order as requiring the proofs of service be filed after "all" the Defendants were served. I interpreted the order in this manner because I assumed that the Court could not set a briefing schedule and hearing date until after all defendants had been served. I also did not want to place the burden on the Court of determining when all of the defendants had been served. Rather, I believed that what the Court wanted me to do was to file the proofs of service after all of the defendants had been served.

*Id*. at 01875 at ¶ 44.

Thirteen days after the Complaint was filed and twelve days after its Minute Order on December 23, 2020, a timeframe which included two weekends, Christmas Day and New Year's Day, the District Court issued its Memorandum Opinion on January 4, 2021, stating in part that there was a "failure to make any effort to serve or formally notify any Defendant – even after reminder by the Court in its Minute Order – renders it difficult to believe that the suit is meant seriously." *Id*. at 01796. The District Court also stated:

> Courts are not instruments through which parties engage in such gamesmanship or symbolic political gestures. As a result, at the conclusion of this litigation, the Court will determine whether to issue an order to show cause why

4

>   this matter should not be referred to its Committee on
>   Grievances for potential discipline of Plaintiffs' counsel.

App. at 01796. Following the District Court's Order, Mr. Kaardal memorialized his efforts regarding service in a letter to the District Court which was electronically filed at ECF Number 11 on January 5, 2021. *Id.* at 01798-1802. Also on January 5, 2021, Mr. Kaardal filed multiple Return of Service Affidavits and Waiver of Service Forms at ECF Numbers 12-14. Id. at 01803-33. The District Court's Clerk advised Mr. Kaardal on January 6, 2021, that his letter to this Court was rejected because it did not have a case caption so Mr. Kaardal refiled the Notice of Filing of Proofs of Service on January 6, 2021. *Id.* at 01834-38.

On January 7, 2021, Plaintiffs filed a Notice of Voluntary Dismissal without Prejudice in the underlying case. *Id.* at 01839. Subsequently, on January 7, 2021, the District Court issued two Minute Orders: one dismissing this case without prejudice pursuant to Plaintiffs' Voluntary Dismissal and one ordering Plaintiffs' Counsel to "show cause why the Court should not refer him to the Committee on Grievances for all of the reasons discussed in its recent [10] Memorandum Opinion." *Id.* at 00009.

On February 5, 2021, Plaintiffs' Counsel filed their Response to the January 7, 2021, Minute Order to Show Cause. *Id.* at 01840-2390. Included with Plaintiffs' Counsel's Response, among other exhibits, was an eight-page expert opinion

declaration from Richard Driscoll, Esquire and a 43-page declaration from Mr.
Kaardal. App. at 01854-61.

On February 19, 2021, the District Court issued an Order regarding
Plaintiffs' Counsel's Response to the Show Cause Order. *Id*. at 02391-2394. The
Order begins "[t]he Court will not rebut each point Kaardal's Response makes,
including those pertaining to the flimsiness of the underlying basis for the suit, but
it will note several of the numerous shortcomings that the Committee may wish to
consider." *Id*. at 02391. The Order concluded "[t]he Court, accordingly, ORDERS
that Plaintiffs' counsel shall be referred to the Committee on Grievances. It
expresses no opinion on whether discipline should be imposed or, if so, what form
that should take." *Id*. at 02394. Thereafter, on March 3, 2021, Plaintiff's Counsel
filed their Notice of Appeal from the Order. *Id*. at 00010. The Order is the ruling
presented for review by this Court.

## SUMMARY OF ARGUMENT

This Court should vacate the Order because the District Court abused its
discretion both substantively and procedurally. Regarding the substance of the
Order, the District Court failed to consider expert opinions submitted with
Plaintiffs' Counsel's Response which amounts to a clearly erroneous assessment of
the evidence. In sum, Plaintiffs' Counsel presented expert opinions from Richard
Driscoll, Esquire who ultimately concluded:

6

> Based on my review of the Complaint, Motion for
> Preliminary Injunction, authorities cited therein,
> Declaration of Erick G. Kaardal and independent
> research, it is my opinion that the claims alleged in the
> Complaint filed by Mr. Kaardal on December 22, 2020
> do not violate Rule 3.1 of the D.C. Rules of Professional
> Conduct. At a minimum, Mr. Kaardal possessed a legal
> basis consisting of a good-faith argument for an
> extension, modification, or reversal of existing law and a
> factual basis consisting of five state legislative schemes
> consistent with his legal theory.

App. at 01859.

Additionally, the District Court set forth four arguments in the Order "the Committee may wish to consider." *Id.* at 02391. However, the District Court abused its discretion in its reasoning for each of the four arguments. First, the Show Cause Order directed Plaintiffs' Counsel to show cause why he should not be referred to the Committee on Grievances for all the reasons set forth in the Memorandum Opinion, which included the District Court's allegation that Plaintiffs' Counsel's alleged "failure to make any effort to serve or formally notify any Defendant -- even after reminder by the Court in its Minute Order -- renders it difficult to believe that the suit is meant seriously." *Id.* at 01796.

After the submission of Plaintiffs' Counsel's Response, the District Court revised its argument. The District Court shifted from the contention Plaintiffs' Counsel failed to serve the Defendants to the allegation that, because Plaintiffs' Counsel did not notify Defendants as soon as or before the Complaint and Motion

7

for Preliminary Injunction were filed or contact the District Court to set a hearing, "they wished only to file a sweeping Complaint filled with baseless fraud allegations and tenuous legal claims to undermine a legitimate presidential election." App. at 02394. Regardless, the District Court provided no legal basis to support its allegation that Plaintiffs' Counsel had to provide notice of a forthcoming Complaint or Motion for Preliminary Injunction that had not been filed. This is an abuse of discretion with an erroneous view of the law.

Second, the District Court found "the Declaration offers some thoughts on potential jurisdiction, but none is availing." *Id.* at 02392. However, whether an argument will be "availing" after a determination on the merits is not the standard required by Rule 3.1. On the contrary, Rule 3.1 requires arguments and defenses to have a basis in law and fact that is not frivolous, "which includes a good faith argument for an extension, modification, or reversal of existing law." D.C. Bar Appx. A, Rule 3.1. The District Court abused its discretion with an erroneous view of the law of the standard set forth in Rule 3.1 regarding meritorious claims or defenses.

Third, instead of providing counter legal authority to rebut Plaintiffs' Counsel's reasoning for the timing of when he filed the Complaint and Motion for Preliminary Injunction, the District Court summarily concluded "[t]o wait as counsel did smacks once again of political gamesmanship and may be relevant to

8

the Committee." App. at 02393. Fourth, the District Court determined "political grandstanding" was the "only reason the Court can see for the Complaint" to include allegations of voter fraud. App. at 02392. However, Plaintiffs' Counsel included the allegations regarding voter fraud to meet Plaintiffs' burden of pleading and to establish Article III standing.

Last, the District Court abused its discretion with an erroneous view of the law when it failed to comply with the procedural requirements of Local Rule 83.16(d)(2). Local Rule 83.16(d)(2) requires that a Judge may refer an attorney to the Committee on Grievances "on a Complaint that such attorney has engaged in conduct which, if substantiated, would warrant the imposition of discipline." LCvR 83.16(d)(2). Yet, after the submission of Plaintiffs' Counsel's Response, the District Court concluded that "[i]t expresses no opinion on whether discipline should be imposed or, if so, what form that should take." App. at 02394. Additionally, the continued public litigation of the District Court's grievances against Plaintiffs' Counsel contradicts the confidentiality requirements for proceedings before the Committee on Grievances pursuant to Local Rule 83.14(d). Plaintiffs' Counsel respectfully requests this Court set binding precedent, consistent with the Third Circuit, that the District Court's failure to follow the Local Rules regarding the procedure for discipline is an abuse of discretion.

9

## STANDING

This Court has held that an attorney charged with misconduct had standing

to appeal the portions of the District Court's opinion that the attorney maintained

reflected unfavorably on his professional conduct on the basis of a reputational

injury, even though the District Court dismissed the charges and did not sanction

the attorney. *Sullivan v. Comm. on Admissions & Grievances*, 395 F.2d 954 (D.C.

Cir. 1967). As this Court determined:

> The Appellee questions Appellant's standing to maintain
> the appeal since the District Court concluded for
> appropriate reasons not to impose sanctions in this case.
> However, the District Court has determined that
> Appellant was guilty of proscribed conduct and this
> determination plainly reflects adversely on his
> professional reputation. In a sense Appellant's posture is
> not unlike that of an accused who is found guilty but with
> penalties suspended. We conclude this gives him
> standing to appeal.

*Id.* at 956.

Similarly, while the District Court did not sanction Plaintiffs' Counsel, the

District Court criticized Mr. Kaardal's ethics and professional conduct in

conjunction with the filing of the Complaint and Motion for Preliminary

Injunction. *See e.g.* App. at 01796 ("Yet even that may be letting Plaintiffs off the

hook too lightly. Their failure to make any effort to serve or formally notify any

Defendant — even after reminder by the Court in its Minute Order — renders it

difficult to believe that the suit is meant seriously. Courts are not instruments

through which parties engage in such gamesmanship or symbolic political gestures."), App. at 02394 ("Plaintiffs never did this or ever contacted the Court about a hearing prior to its January 4 Opinion, leading the Court to conclude that they wished only to file a sweeping Complaint filled with baseless fraud allegations and tenuous legal claims to undermine a legitimate presidential election."), *and Id.* at 02392 ("The only reason the Court can see for the Complaint to spend 70+ pages on irrelevant allegations of fraud, not one instance of which persuaded any court in any state to question the election's outcome, is political grandstanding. The Response never explains otherwise.") As a result, Plaintiffs' Counsel has standing for this appeal on the basis of a reputational injury.

## ARGUMENT

### I.     Standard of Appellate Review.

The issues presented in this appeal stem from the District Court's issuance of the *sua sponte* Show Cause Order to Plaintiffs' Counsel following dismissal of the underlying case and the Order that followed Plaintiffs' Counsel's Response without finding any violations of the District of Columbia Rules of Professional Conduct. These issues equate to a District Court issuing *sua sponte* sanctions under Rule 11 of the Federal Rules of Civil Procedure. As such, the standard of appellate review for the issues presented in this appeal is an abuse of discretion.

11

This Court has held, consistent with Supreme Court precedent, "appellate courts should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination." *Lucas v. Duncan*, 574 F.3d 772, 775 (D.C. Cir. 2009) (internal quotations and citations omitted). Importantly, "a district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Lucas*, 574 F.3d at 775 (internal quotations and citations omitted).

In *Lucas*, the magistrate judge issued an order requiring Lucas' counsel to "show cause why he had not violated Federal Rule of Civil Procedure 11(b)(3)." *Id.* at 774. The magistrate judge "identified twelve statements in the papers [Lucas' counsel] filed on behalf of Lucas that the judge believed ran afoul of Rule 11(b)(3)." *Id.* Of importance, "[t]he order was issued *sua sponte*, without a motion from the defendant suggesting that there was a Rule 11 problem in the plaintiff's pleadings." *Id.* Lucas' counsel filed a response to the order to show cause, as required, "addressing each of the statements that the order had highlighted as problematic." *Id.*

In response, the magistrate judge "held, inter alia, that [Lucas' counsel's] statements obliterate again and again the distinction between drawing an inference and stating a fact and must therefore be condemned as a violation of the requirement of Rule 11 that the factual allegations in a document have evidentiary

12

support." *Lucas*, 574 F.3d at 775 (internal quotations and citations omitted). As a result, the magistrate judge in *Lucas*, "imposed a monetary sanction of $3,000 and referred [Lucas' counsel] to the United States District Court's Committee on Grievances to determine whether he violated the District of Columbia Rules of Professional Conduct." *Id.* at 774-75 (internal quotations and citations omitted).

As this Court noted, "the sole issue on appeal is the appropriateness of the Rule 11 sanctions imposed on [Lucas' counsel]." *Id.* at 775. This Court held:

> In recognition of the unusual position of the trial court in such circumstances, serving at once as both prosecutor and judge, the circuit courts have utilized different linguistic formulations to express the same idea: when the trial court imposes sanctions sua sponte, the reviewing court should engage in careful appellate review to assess whether there was an abuse of discretion.

*Id.* (internal quotations and citations omitted).

The similar to *Lucas*, the District Court in this case issued the Show Cause Order *sua sponte* for Plaintiffs' Counsel to show cause why he should not be referred to the United States District Court's Committee on Grievances for reasons set forth in the Memorandum Opinion. The same as in *Lucas*, no opposing party raised an issue with Plaintiffs' Counsel's actions in the underlying case or the arguments asserted in the Complaint and Motion for Preliminary Injunction. The same as in *Lucas*, the District Court served as both the "prosecutor and judge" and

accordingly, this Court "should engage in careful appellate review to assess whether there was an abuse of discretion." *Id*. at 775.

## II.     The District Court Abused Its Discretion With the Unsubstantiated Order.

For two reasons the District Court abused its discretion in the substance of the Order which was based on an erroneous view of the law and a clearly erroneous assessment of the evidence. *Lucas*, 574 F.3d at 775. First, the District Court based its Order on a clearly erroneous assessment of the evidence when it failed to consider expert opinions Plaintiffs' Counsel submitted in support of Plaintiffs' Counsel's conduct in the underlying litigation. Second, in each of the four arguments the District Court took issue with in the Order, the District Court abused its discretion as its analysis for each argument was based on an erroneous view of the law or a clearly erroneous assessment of the evidence.

### A.     *The District Court Failed to Address Plaintiffs' Counsel's Expert.*

First and foremost, the District Court ordered Plaintiffs' Counsel to "show cause why the Court should not refer him to the Committee on Grievances for all of the reasons discussed in its recent [10] Memorandum Opinion." App. at 00009. Plaintiffs' Counsel filed a 13-page Response which was accompanied by: (1) an 8-page expert opinion declaration from Expert Driscoll; (2) a sworn 42-page declaration from Mr. Kaardal which detailed his basis in law and fact for the underlying lawsuit, his research underpinning the legal arguments he asserted on

14

behalf of his clients in the underlying case, and addressing the District Court's other concerns raised in its Memorandum Opinion as the Show Cause Order required; and (3) over 430 pages of exhibits in support of Plaintiffs' Counsel's Response as to why the District Court should not refer Plaintiffs' Counsel to the Committee on Grievances. App. at 01840-2390

Notwithstanding the fact Plaintiffs' Counsel submitted an extensive response as to why he should not be referred to the Committee on Grievances, the District Court addressed a select subset of Plaintiffs' Counsel's arguments in a summary fashion and advised "[t]he Court will not rebut each point Kaardal's Response makes, including those pertaining to the flimsiness of the underlying basis for the suit, but it will note several of the numerous shortcomings that the Committee may wish to consider." *Id.* at 02391. Notably, in the Order, which was only four pages long, the District Court failed to consider the expert opinions Plaintiffs' Counsel included in Plaintiffs' Counsel's Response and were part of the record before the District Court.

Specifically, Plaintiffs' Counsel attached an 8-page expert opinion declaration from Expert Driscoll. *Id.* at 01854-61. Four of the 13 pages in Plaintiffs' Counsel's Response to the Order sets forth Expert Driscoll's expert opinions which support Plaintiffs' Counsel's actions in the underlying case. App. at 01854-61. Expert Driscoll is admitted to practice in the District of Columbia,

15

Maryland, and Virginia; has been an attorney for 30 years and a member of this Court for over 20 years; and since at least 1995, a focus of his practice involves advising and representing individual attorneys and law firms regarding their professional obligations and liability. *Id.* at 01854 at ¶¶ 1-2. If the District Court considered Expert Driscoll's opinions, it failed to disclose this in the Order. The Order has no reference, citation, or acknowledgement that Plaintiffs' Counsel's Response included Expert Driscoll's opinions for this case.

Significantly, Expert Driscoll ultimately opines:

> Based on my review of the Complaint, Motion for Preliminary Injunction, authorities cited therein, Declaration of Erick G. Kaardal and independent research, it is my opinion that the claims alleged in the Complaint filed by Mr. Kaardal on December 22, 2020 do not violate Rule 3.1 of the D.C. Rules of Professional Conduct. At a minimum, Mr. Kaardal possessed a legal basis consisting of a good-faith argument for an extension, modification, or reversal of existing law and a factual basis consisting of five state legislative schemes consistent with his legal theory.

*Id.* at 01859 at ¶ 16. Expert Driscoll opined to a reasonable degree of legal certainty that Mr. Kaardal acted in compliance with Rule 3.1. *Id.* at 01861 at ¶ 20. As Expert Driscoll further stated:

> When applying Rule 3.1 in the District of Columbia, the Committee is instructed that the law is not static and determining a meritorious claim from an ethical perspective must account for the "law's ambiguities and potential for change." Comment [1] to D.C. Rule 3.1 reads, in part:

16

The law, both procedural and substantive, establishes the limits within which an advocate may proceed. ***However, the law is not always clear and never is static***. Accordingly, in determining the proper scope of advocacy, ***account must be taken of the law's ambiguities and potential for change***.

App. at 01856-57 at ¶ 10 (emphasis original). In addition, Expert Driscoll opined:

Claims for relief have merit even when the attorney advancing a claim does not believe it will succeed provided there is a basis in law and fact that is not frivolous. The guidance from Comment [2] applies with full force to this case:

Such action is not frivolous even though the lawyer believes that the client's position ultimately will not prevail. The action is frivolous if the lawyer is ***unable either to make a good-faith argument on the merits of the action taken or to support the action taken by a good-faith argument for an extension, modification, or reversal of existing law***.

Rule 3.1, Comment [2] (emphasis added). Comment [2] clarifies that likelihood of success on the merits is not the touchstone for determining a meritorious claim. Indeed, every unsuccessful litigant advanced at least one claim that was not likely to succeed.

*Id.* at 01857 at ¶ 11 (emphasis original). Significantly, Expert Driscoll opined:

The language of, and Comments for, Rule 3.1 clearly demonstrate that determining whether a claim is meritorious is not concerned with the likability of the plaintiff(s), their political viewpoints, the equity of their position, the equity of the relief sought, whether one would advise their own client to file such a claim, or any similar considerations. ***It matters only whether there is***

17

> *an objective basis in law and fact for the claim that is
> not frivolous*.

App. at 01857 at ¶ 12 (emphasis original).

Notably, Expert Driscoll's opinions are unrebutted in the record. The District Court failed to address any of Expert Driscoll's opinions in its Order. The District Court's omission of the fact Plaintiffs' Counsel presented unrebutted expert opinion that Plaintiffs' Counsel, to a degree of legal certainty, did not violate Rule 3.1 of District of Columbia Rules of Professional Conduct was an abuse of discretion for the clearly erroneous assessment of the evidence before the District Court.

**B.**    **The District Court Had No Basis for Its Four New Postulated Arguments.**

Second, the Order set forth four of "several of the numerous shortcomings that the Committee may wish to consider." *Id*. at 02391. However, in each of these four arguments the District Court abused its discretion based on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Lucas*, 574 F.3d at 775.

**1. <u>The District Court Offered No Authority to Require Plaintiffs' Counsel to Notify Defendants Before They Filed the Action.</u>**

In the Order, the District Court reprimands Plaintiffs' Counsel because "the Declaration spends time listing the efforts to serve all Defendants in accordance with the Court's Minute Order of December 23, 2020. *See* Kaardal Decl. at 12–14.

This misses the forest for the trees, however." App. at 02393. Yet, the District Court failed to recognize the reason Plaintiffs' Counsel delineated his efforts to serve all Defendants was a direct response to the District Court's allegation in the Memorandum Opinion that Plaintiffs' Counsel's "failure to make any effort to serve or formally notify any Defendant — even after reminder by the Court in its Minute Order — renders it difficult to believe that the suit is meant seriously." *Id.* at 01796.

Moreover, the District Court directed Plaintiffs' Counsel to show cause why he should not be referred to the Committee on Grievances for all the reasons set forth in the Memorandum Opinion. *Id.* at 00009. The District Court's Memorandum Opinion included the allegation that Plaintiffs' Counsel did not intend for the underlying lawsuit to be taken seriously due to an alleged failure to "make any effort to serve" the Defendants. *Id.* at 01796. Accordingly, Plaintiffs' Counsel directly responded to this allegation with the submission of Return of Service Affidavits, Waiver of Service Forms, invoices from process servers, and sworn testimony from Mr. Kaardal that all but two Defendants had been served. App. at 01874-76 at ¶¶ 41-42, 45, 46 *and* App. at 01918-49.

After the submission of Plaintiffs' Counsel's Response, the District Court advised Plaintiffs' Counsel's explanation "misses the forest for the trees,

19

however." App. at 02393. Then, the District Court revised its position and instead identified a new argument:

> A suit that truly wished a merits opinion before January 6 would have given notice to all Defendants as soon as (or before) the Complaint and Motion were filed on December 22, 2020. See Fed. R. Civ. P. 65(a)(1). Plaintiffs never did this or ever contacted the Court about a hearing prior to its January 4 Opinion, leading the Court to conclude that they wished only to file a sweeping Complaint filled with baseless fraud allegations and tenuous legal claims to undermine a legitimate presidential election.

*Id.* at 02393-94. The District Court failed to support its new argument that Plaintiffs' Counsel was required to give notice to Defendants regarding a forthcoming Complaint and Motion for Preliminary Injunction before either was filed in a court with any legal authority. Moreover, the District Court provided no legal basis to support its allegation that Plaintiffs' Counsel was required to provide notice of a forthcoming lawsuit that had not been filed. This is an abuse of discretion with an erroneous view of the law.

Only after Plaintiffs' Counsel responded to the District Court's concerns regarding service did the District Court articulate its new concern and new allegation against Plaintiffs' Counsel. Plaintiffs' Counsel never had an opportunity to respond to these new arguments from the District Court that were revised from the District Court's original concerns asserted in the Memorandum Opinion.

Regarding the District Court's contention that Plaintiffs' Counsel "never" gave notice to Defendants as soon as the Complaint and Motion were filed, this statement is based on an erroneous assessment of the evidence before the District Court. As delineated in Mr. Kaardal's declaration, which was attached to Plaintiffs' Counsel's Response, Mr. Kaardal immediately began serving Defendants on December 22, 2020:

> 41.    On December 22, 2020, this Court issued the Summons for this case. Ex. F at ECF No. 7. Immediately following receipt of the Summons for the various Defendants I began my efforts to effectuate service on each of the named Defendants. First, on December 22, 2020, I directed my staff to deliver the Summons and Complaint to each of the Defendants by Priority Mail under Rule 4.  Attached as Exhibit K are the receipts from the United States Postal Service of the mailings which includes the date of the mailing and addressee. Attached as Exhibit L are the four Waivers of the Service of Summons I obtained.

> 42.    Second, I hired process servers to serve the Summons and Complaints.  Attached as Exhibit K are copies of Affidavits of Service the process servers signed serving the Summons and Complaints. Attached as Exhibit M are the invoices issued by the process servers I hired to serve the Summons and Complaints.

App. at 01874 at ¶¶ 41-42. Moreover, as Plaintiffs' Counsel stated in Plaintiffs' Counsel's Response, all but two Defendants had been served under Rule 4:

> 46.    As of January 4, 2021, all Defendants, except one individual in Arizona and one individual in Wisconsin, were served. With respect to those individuals, multiple attempts were made prior to January 4, 2021. Attached as

> Exhibit U are two Affidavits of Due Diligence covering the last two Defendants who were not personally served. The Affidavits reflect the attempts made prior to January 7, 2021. Ex. U, Affidavits of Due Diligence. Due to COVID-19 protocols, closed government office buildings and difficulties reaching people over the holiday season, some governmental Defendants were more difficult to complete service on than others. Also, some governmental Defendants, but not all, were willing to waive service.

App. at 01875-76 at ¶ 46.

Moreover, the District Court's reprimand of Plaintiffs' Counsel because he did not contact the District Court to set a hearing on the Motion for Preliminary Injunction contradicts the District Court's prior December 23, 2020, Minute Order which mandated "[t]he Court ORDERS that, as soon as Plaintiffs file proofs of service on all Defendants, a briefing schedule and hearing shall be set. So ORDERED by Judge James E. Boasberg on 12/23/2020." *Id.* at 00008. Plaintiffs' Counsel previously provided the District Court with Mr. Kaardal's reasonable interpretation of the December 23, 2020, Minute Order:

> I understood this Order to mean that filing proof of service on "all" defendants was required before a briefing schedule and hearing date would be set. Accordingly, in good faith, I interpreted this Court's Order as requiring the proofs of service be filed after "all" the Defendants were served. I interpreted the order in this manner because I assumed that the Court could not set a briefing schedule and hearing date until after all defendants had been served. I also did not want to place the burden on the Court of determining when all of the defendants had been served. Rather, I believed that what the Court

22

> wanted me to do was to file the proofs of service after all
> of the defendants had been served.

App. at 01875 at ¶ 44. The District Court failed to consider Plaintiffs' Counsel's

good faith interpretation of the December 23, 2020, Minute Order as the reason

Plaintiffs' Counsel did not request a hearing date on the Motion for Preliminary

Injunction. Instead, the District Court concluded Plaintiffs' Counsel "wished only

to file a sweeping Complaint filled with baseless fraud allegations and tenuous

legal claims to undermine a legitimate presidential election." *Id.* at 02394.

### 2. <u>Whether an Argument Is "Availing" After a Determination on the Merits Is Not the Rule 3.1 Standard.</u>

In its Memorandum Opinion, the District Court raised the issue of whether

the District Court had personal jurisdiction over the Defendants. *Id.* at 01794-95.

Therefore, in Plaintiffs' Counsel's Response, they provided legal arguments that

the District Court had personal jurisdiction over the Defendants. Following this

proffer of Plaintiffs' Counsel's legal theories, the District Court held:

> Second, the Opinion wondered how this Court could
> possibly have personal jurisdiction over the fifteen
> battleground-state officials (all of whom serve in states
> that former President Donald J. Trump lost), who were
> sued in their official capacities. <u>Id</u>. at 4. The Declaration
> offers some thoughts on potential jurisdiction, but none is
> availing.

*Id.* at 02392.

Whether an argument will be "availing" after a determination on the merits is not the standard required by Rule 3.1. As Expert Driscoll noted in his declaration, "Comment [2] clarifies that likelihood of success on the merits is not the touchstone for determining a meritorious claim. Indeed, every unsuccessful litigant advanced at least one claim that was not likely to succeed." App. at 01857 at ¶ 11. Additionally, Local Rule 83.16(d)(2) requires that a Judge may refer an attorney to the Committee on Grievances, "on a Complaint that such attorney has engaged in conduct which, if substantiated, would warrant the imposition of discipline." LCvR 83.16(d)(2).

The District Court's holding that it found Plaintiffs' Counsel's arguments regarding personal jurisdiction not "availing" failed to cite to any rule, statute, or procedure Plaintiffs' Counsel allegedly violated. Moreover, the District Court asserted that Plaintiffs' Counsel's declaration "does not explain, however, [ ] how the state-official Defendants had any contact with the District of Columbia so as to render them subject to that long-arm statute, let alone be consistent with due process." App. at 02392. Yet, contrary to this erroneous assessment of the evidence, Plaintiffs' Counsel's declaration set forth arguments specifically addressing Defendants' alleged contacts with the District of Columbia so as to render them subject to the long-arm statute. *See Id*. at 01869-70 at ¶¶ 24-26. As set forth above, while the District Court may not have found these arguments to be

24

ultimately availing if a Defendant challenged personal jurisdiction in the underlying action, whether the argument is availing is not the standard articulated by Rule 3.1 or Local Rule 83.16(d)(2).

### 3. Plaintiffs' Counsel Filed the Complaint Eight Days After the Claims Became Ripe.

The District Court disagreed with Plaintiffs' Counsel's argument regarding the timing of filing the Complaint and Motion for Preliminary Injunction and set forth:

> Third, the Court questioned the timing of the Complaint and its accompanying Motion for Preliminary Injunction. See Mem. Op. at 6. In other words, if Plaintiffs were in good faith challenging the constitutionality of federal and state statutes that have long been on the books, why wait until two weeks before the electoral votes were to be counted? The Declaration says that counsel waited because of ripeness and mootness concerns, see Kaardal Decl. at 5–6, but that makes little sense.

App. at 02393.

As set forth in Mr. Kaardal's declaration filed with Plaintiffs' Counsel's Response:

> 18. The timing of the filing of this lawsuit was in accordance with 3 U.S. Code § 7. The electoral votes were cast in the respective states on December 14, 2020, pursuant to 3 U.S. Code § 7 which states:
>
> > The electors of President and Vice President of each State shall meet and give their votes on the first Monday after the second Wednesday in December next following

25

> their appointment at such place in each State
> as the legislature of such State shall direct.
>
> 19.    If at any time prior to December 14, 2020,
> the respective state legislatures had conducted a post-
> election certification of the Presidential Electors,
> Plaintiffs' claims here would have been moot.  Moreover,
> the claims in this case were probably not ripe before
> December 14, 2020.    Plaintiffs filed this lawsuit on
> December 22, 2020 – just eight (8) days later.

App. at 01867-68 at ¶¶ 18-19.

Instead of providing counter legal authority to rebut Plaintiffs' Counsel's reasoning for the timing of when he filed the Complaint and Motion for Preliminary Injunction, the District Court summarily concluded "[t]o wait as counsel did smacks once again of political gamesmanship and may be relevant to the Committee." *Id.* at 02393. The District Court did not agree with Plaintiffs' Counsel's proffered reasoning in support of when the Complaint and Motion for Preliminary Injunction were filed. The District Count abused its discretion when it accused Plaintiffs' Counsel of "political gamesmanship" when the District Court provided no legal authority to contradict Plaintiffs' Counsel's reasoning for the timing of the underlying lawsuit.

### 4. **Plaintiffs' Counsel Referenced the Allegations of Voter Fraud in the Complaint For Context and Necessary Standing to Survive a Motion to Dismiss.**

In its Order the District Court asserted:

26

> Plaintiffs spend scores of pages cataloguing every
> conceivable discrepancy or irregularity in the 2020 vote
> in the five relevant states, already debunked or not, most
> of which they nonetheless describe as a species of fraud.
> E.g., id., at 37–109." ECF No. 10 (Mem. Op.) at 2. The
> only reason the Court can see for the Complaint to spend
> 70+ pages on irrelevant allegations of fraud, not one
> instance of which persuaded any court in any state to
> question the election's outcome, is political
> grandstanding. The Response never explains otherwise.

App. at 02392.

While the District Court determined "political grandstanding" was the "only

reason the Court can see for the Complaint" to include references to voter fraud,

the actual basis for Plaintiffs' Counsel's inclusion of references regarding voter

fraud was to meet Plaintiffs' burden of pleading. Specifically, it is well-settled

"[t]o survive a motion to dismiss under Rule 12(b)(6), a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face." *Jefferson v. Collins*, 905 F. Supp. 2d 269, 276 (D.D.C. 2012) (internal

quotations omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

While "[a] plaintiff receives the benefit of all inferences that can be derived

from the facts alleged, . . . raising a sheer possibility that a defendant has acted

unlawfully fails to satisfy the facial plausibility requirement." *Jefferson*, 905 F.

Supp. 2d at 277 (internal citations and quotations omitted). Thus, "a claim is

facially plausible when the plaintiff pleads factual content that allows the court to

27

draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations and quotations omitted).

Plaintiffs' Counsel included the detailed background information regarding the allegations of voter fraud for context in anticipation of possible motions to dismiss from the Defendants. Additionally, Plaintiffs' Counsel asserted that citizens in five states had alleged voter fraud had occurred to support his clients' claim for Article III standing. Plaintiffs' underlying Complaint, as explained in Mr. Kaardal's declaration at paragraph 44, was not seeking to prove the truth of the matter asserted, that there was voter fraud in the 2020 Election, but rather that the Plaintiffs claimed there was voting fraud as a basis for Article III standing. Therefore, contrary to the District Court's summary conclusion that the inclusion of the background alleged fraudulent voter fraud which added context to the Complaint was "political grandstanding," Plaintiffs' Counsel included these allegations to meet the pleading standard to survive potential motions to dismiss.

III.   **The District Court Abused Its Discretion When It Failed to Comply with the Local Rules.**

The District Court abused its discretion with an erroneous view of the law when it failed to comply with the procedural requirements of Local Rule 83.16(d)(2). Specifically, Local Rule 83.16(d)(2) requires that a Judge may refer an attorney to the Committee on Grievances "on a Complaint that such attorney has engaged in conduct which, if substantiated, would warrant the imposition of

28

discipline." LCvR 83.16(d)(2). In turn, Local Rule 83.16(d)(8) provides that if "charges are sustained by clear and convincing evidence, the Disciplinary Panel may reprimand, censure, suspend, disbar or otherwise discipline the respondent by entering an appropriate order." LCvR 83.16(d)(2). Thus, Plaintiffs' Counsel focused its Response on the fact that clear and convincing evidence of a violation of the District of Columbia Rules of Professional Conduct did not exist to support a referral to the Committee on Grievances.

The District Court failed to set forth any District of Columbia Rule of Professional Conduct violation in the Order. Instead, the District Court "note[d] several of the numerous shortcomings that the Committee may wish to consider" while it concluded "[i]t expresses no opinion on whether discipline should be imposed or, if so, what form that should take." App. at 02394. The District Court's position that it "expresses no opinion on whether discipline should be imposed" fails to comply with Local Rule 83.16(d)(2) which provides that a Judge may refer an attorney "on a Complaint that such attorney has engaged in conduct which, if substantiated, would warrant the imposition of discipline." *Compare* App. at 02394 *with* LCvR 83.16 (d)(2).

Moreover, the District Court abused its discretion when it issued the Order unnecessarily which furthered its public proceeding and criticism of Plaintiffs' Counsel, after the case had been closed. The continued litigation of the District

Court's grievances in public against Plaintiffs' Counsel contradicts the confidentiality requirements for proceedings before the Committee on Grievances. Notably, "[a]ll proceedings before the Committee involving allegations of misconduct of an attorney and all documents and charges presented to the Committee shall remain confidential and privileged." LCvR 83.14(d). Then, "[a]ll formal charges prepared by the Committee and directed to be filed by the Court, attorney or grievance cases filed with the Clerk of the Court, court orders, and subsequent pleadings, answers or responses filed therein shall be matters of public records." *Id.* Thus, unless and until formal charges are filed, proceedings before the Committee involving allegations of misconduct remain confidential and privileged. *Id.*

The District Court should have exerted judicial restraint to further publish its allegations of misconduct in the public record. The District Court, if unsatisfied with Plaintiffs' Counsel's Response, had the option to refer Plaintiffs' Counsel to the Committee on Grievances privately with a letter following the procedures set forth in Local Rules 83.16(d)(1) and 83.16(d)(2). In fact, the Order contemplates the District Court will send a separate letter to the Committee on Grievances. App. at 02391. The Order should have concluded at that point. Instead, the Order continued with four pages and four revised arguments that culminate in an abuse of the District Court's discretion. The District Court circumvented the procedure set

30

forth in Local Rules 83.16(d)(1) and 83.16(d)(2) and confidentiality requirements when it issued its Order on the public record.

The District of Columbia Court of Appeals recently recognized "attorneys in the District of Columbia should not fear discipline for making aggressive and creative arguments." *In re Pearson*, 228 A.3d 417, 424 (D.C. 2020). While *Pearson* is not binding on this Court, the line should not be drawn between local and Federal Courts in the District of Columbia. The Order has a significant chilling effect on future litigants who may be deterred from advancing their clients' good faith arguments for an extension, modification, or reversal of existing law as expressly permitted by Rule 3.1.

The chilling effect on all attorneys practicing before the District Court is detrimental to the practice of all law and vigorous representation of clients when there is a possibility that the District Court may engage in *sua sponte* public proceedings of alleged misconduct before the District Court follows the procedure for grievances specifically set forth and provided for under the Local Rules. The District Court abused its discretion with its failure to exercise judicial restraint when it continued to reprimand Plaintiffs' Counsel with the Order on the public record where Plaintiffs' Counsel had no further opportunity to respond. Here, no further written order in the public record was necessary following Plaintiffs' Counsel's Response. If Plaintiffs' Counsel's Response did not dispel the District

31

Court's concerns, the District Court could have privately sent its referral letter to the Committee on Grievances to detail the District Court's concerns.

Plaintiffs' Counsel respectfully suggests this Court should follow the Third Circuit which has held a Judge abuses his discretion if he fails to comply with the disciplinary procedures set forth in the Third Circuit's Local Rules. Specifically, in *Adams v. Ford Motor Co*., 653 F.3d 299 (3d Cir. 2011), a magistrate judge issued order which held that an attorney violated an American Bar Association Model Rule of Professional Conduct. *Adams v. Ford Motor Co.*, 653 F.3d 299 (3d Cir. 2011). In the order, the magistrate judge advised he would not disbar, suspend, or reprimand counsel or initiate disciplinary proceedings, pursuant to Local Rules, and instead the magistrate judge referred the matter to the Virgin Islands Bar Association for a formal investigation and disciplinary proceedings. *Id.* at 303. The magistrate judge also denied the attorney's request to seal the order. *Id.*

On appeal, among other findings to support an abuse of discretion, the Third Circuit vacated a magistrate judge's order because he failed to follow a local rule governing the referral of an attorney for discipline. *Id.* Specifically, relevant to this case, the Third Circuit noted:

> Colianni further contends that the court violated his procedural due process rights by failing to follow the disciplinary procedures as set forth in Local Rule 83.2(b) of the District Court of the Virgin Islands. The rule provides that "when misconduct or allegations of misconduct … would warrant discipline of an attorney

32

> admitted to practice before the court shall come to the
> attention of a judge of this court… the Chief Judge …
> shall refer the matter to the clerk of court, who shall refer
> it to counsel for investigation and the prosecution of a
> formal disciplinary proceeding." The rule also states that
> an order following a disciplinary proceeding "shall be
> placed under seal until further order of the court."
>
> The government insists that the magistrate judge was not
> required to follow Local Rule 83.2(b) because the rule
> applies only to the imposition of sanctions. That
> argument is of little moment, however, because as we
> have already explained, the magistrate judge's order was
> equivalent to a sanction. Accordingly, the magistrate
> judge should have referred the allegations of misconduct
> to the Chief Judge for investigation and sealed the order;
> it did neither. We will therefore vacate the magistrate
> judge's order for failing to follow the local rules. *See In
> re Abrams*, 521 F.2d 1094, 1107 (3d Cir. 1975)
> (reversing sanctions order for failing to follow local rule
> specifying disciplinary procedures).

*Id.* at 307-08.

In this case, the same as in *Adams*, the District Court violated Plaintiffs'

Counsel's procedural due process rights by failing to follow the disciplinary

procedures as set forth in the Local Rules. Specifically, Local Rule 83.16(d)(1)

establishes the procedure for "[a]ny person seeking to charge an attorney subject to

the Rules with any act or omission which may justify disbarment, suspension,

censure, reprimand or other discipline." LCvR 83.16(d)(1). Then, Local Rule

83.16(d)(2) specifically addresses when a Judge may refer the "name of any

attorney subject to these Rules on a Complaint that such attorney has engaged in

33

conduct which, if substantiated, would warrant the imposition of discipline." LCvR 83.16(d)(2). Neither Local Rule provides the District Court with authority for a *sua sponte* public fact-finding investigation where it requires counsel to show cause why he should not be referred to the Committee on Grievances and, following the extensive submission, to summarily conclude "[i]t expresses no opinion on whether discipline should be imposed or, if so, what form that should take." App. at 02394. This Court should set binding precedent that the District Court's failure to follow the Local Rules regarding the procedure for discipline is an abuse of discretion.

## <u>CONCLUSION STATING THE RELIEF SOUGHT</u>

The District Court abused its discretion when it failed to support the Order with any District of Columbia Rules of Professional Conduct violations. The District Court further abused its discretion when it failed to comply with the disciplinary procedures set forth in the Local Rules. As a result, this Court should vacate the District Court's February 19, 2021, Order as it was an abuse of the District Court's discretion.

Respectfully submitted,

ECCLESTON & WOLF, P.C.

/s/ *Channing L. Shor*
Justin M. Flint (#491782)
Channing L. Shor (#1024861)
1629 K Street, N.W., Suite 260
Washington, D.C. 20006
(202) 857-1696 (Tel)
(202) 857-0762 (Fax)
flint@ewdc.com
shor@ewdc.com
*Counsel for Appellants Erick G. Kaardal, Esq. and Mohrman, Kaardal & Erickson, P.A.*

## **CERTIFICATE OF COMPLIANCE**

1. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 8,390 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Microsoft Office Standard 2019 in 14-point Times New Roman font.

*/s/ Channing L. Shor*
Channing L. Shor (DC Bar #1024861)
*Counsel for Appellants Erick G. Kaardal, Esq.*
*and Mohrman, Kaardal & Erickson, P.A.*

Dated: April 16, 2021

## CERTIFICATE OF SERVICE[3]

I HEREBY CERTIFY that on this 19th day of April 2021, the original of the foregoing Appellants' Brief was filed via the Court's CM/ECF system. Additionally, as required by Circuit Rule 31(b), eight (8) printed copies of Appellants' Brief have been filed with the Court via UPS.

/s/  *Channing L. Shor*
Channing L. Shor (#1024861)

---

[3] As set forth in Footnote 1, no Plaintiffs from the underlying proceeding are participating in this appeal. Additionally, no Defendants from the underlying proceeding appeared or participated in the underlying proceeding before it was voluntarily dismissed. Accordingly, Plaintiffs' Counsel proceeds as the sole parties to this appeal and thus have only served and filed this Brief and Appellants' Appendix with this Court.

x

xi

## ADDENDUM OF STATUTES AND REGULATIONS
## TABLE OF CONTENTS

Rule 83.14(d) of the Rules of the United States
District Court for the District of Columbia …………………..………….……..……xiii

Rule 83.16(d)(1) of the Rules of the United States
District Court for the District of Columbia …………………………………..xiv

Rule 83.16(d)(2) of the Rules of the United States
District Court for the District of Columbia …………………………………xiv, xv

Rule 83.16(d)(8) of the Rules of the United States
District Court for the District of Columbia …………………………………..…xv

Rule 3.1 of the District of Columbia Rules
of Professional Conduct and Comments [1] and [2] ………………………xvi, xvii

**LCvR 83.14(d) of the Local Rules of the United States District Court for the District of Columbia**

**LCvR 83.14 COMMITTEE ON GRIEVANCES**

\* \* \*

**(d) CONFIDENTIALITY AND IMMUNITY.**

All proceedings before the Committee involving allegations of misconduct of an attorney and all documents and charges presented to the Committee shall remain confidential and privileged. All formal charges prepared by the Committee and directed to be filed by the Court, attorney or grievance cases filed with the Clerk of the Court, court orders, and subsequent pleadings, answers or responses filed therein shall be matters of public records.

\* \* \*

**LCvR 83.16(d)(1)-(d)(2) and (d)(8) of the Local Rules of the United States District Court for the District of Columbia**

**LCvR 83.16 GROUNDS AND PROCEDURES FOR DISCIPLINE**

\* \* \*

**(d) COMPLAINTS OF MISCONDUCT FILED IN THIS COURT.**

**(1) COMPLAINTS GENERALLY.**

Any person seeking to charge an attorney subject to the Rules with any act or omission which may justify disbarment, suspension, censure, reprimand or other discipline shall do so by a clear and concise written statement of facts in support of the allegations, subscribed and under oath or affirmed under the penalty of perjury pursuant to the United States Code, Title 28, Section 1746. The Complaint shall be presented to the Committee by lodging it with the Clerk to the Committee. The Committee shall have the inherent power without any formal Complaint to inquire into misconduct of attorneys subject to these Rules.

**(2) COMPLAINTS BY A COURT OR A JUDGE.**

Any court, judge or United States magistrate judge in the District of Columbia may refer to the Committee the name of any attorney subject to these Rules on a Complaint that such attorney has engaged

xiv

in conduct which, if substantiated, would warrant the imposition of discipline.

\* \* \*

## 8) HEARINGS AND ORDERS OF THE DISCIPLINARY PANEL OF THE COURT.

When the respondent has filed an Answer, the case shall be set down for hearing before the Disciplinary Panel and a member of the Committee designated by the Chairman shall appear at the hearing to offer proof or arguments pertinent to the issues. If the charges are sustained by clear and convincing evidence, the Disciplinary Panel may reprimand, censure, suspend, disbar or otherwise discipline the respondent by entering an appropriate order. Any knowing violation of the order of judgment shall be deemed a contempt of court.

## Rule 3.1 of the District of Columbia Rules of Professional Conduct

**Meritorious Claims and Contentions**

A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or for the respondent in a proceeding that could result in involuntary institutionalization, shall, if the client elects to go to trial or to a contested factfinding hearing, nevertheless so defend the proceeding as to require that the government carry its burden of proof.

**Comment [1]** The advocate has a duty to use legal procedure for the fullest benefit of the client's cause, but also a duty not to abuse legal procedure. The law, both procedural and substantive, establishes the limits within which an advocate may proceed. However, the law is not always clear and never is static. Accordingly, in determining the proper scope of advocacy, account must be taken of the law's ambiguities and potential for change.

**Comment [2]** The filing of an action or defense or similar action taken for a client is not frivolous merely because the facts have not first been fully substantiated or because the lawyer expects to develop vital evidence only by discovery. Lawyers, however, are required to inform themselves about

xvi

the facts of their clients' cases and the applicable law and determine that they can make good faith arguments in support of their clients' positions. Such action is not frivolous even though the lawyer believes that the client's position ultimately will not prevail. The action is frivolous if the lawyer is unable either to make a good-faith argument on the merits of the action taken or to support the action taken by a good-faith argument for an extension, modification, or reversal of existing law.